1  **YU | MOHANDESI LLP**

2  **Brett B. Goodman** (SBN 260899)
   213.375.3543 | bgoodman@yumollp.com
3  **Sheri Guerami** (SBN 265231)
   213.418.9340 | sguerami@yumollp.com
4  633 West Fifth Street, Suite 2800
   Los Angeles, CA 90071
5  213.377.5501 Facsimile

6  Attorneys for Defendant
   The CBE Group, Inc.
7

8

9  UNITED STATES DISTRICT COURT

10  CENTRAL DISTRICT OF CALIFORNIA

11

12  KAILA JACKSON,                    Case No.: 8:17-cv-01687

13       Plaintiff,                   [Removal from the Superior Court of California for the County of Orange, Case No. 30-2017-00940467-CL-NP-CJC]

14       vs.

15  THE CBE GROUP, INC.,              **DEFENDANT THE CBE GROUP, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(C), AND 1446**

16       Defendants.

17

18                                    [FEDERAL QUESTION]

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant The CBE Group, Inc., ("Defendant") hereby removes the action described below from the Superior Court of California for the County of Orange ("California Court"), to the United States District Court for the Central District of California, pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

On or about August 28, 2017, plaintiff Kaila Jackson ("Plaintiff") filed a Complaint in the California Court entitled *Kaila Jackson v. The CBE Group, Inc.,* Case No. 30-2017-00940467-CL-NP-CJC. In the Complaint, Plaintiff alleges, among other things, that Defendant contacted Plaintiff on his cellular telephone using an automatic telephone dialing system, to collect a debt. Complaint, ¶¶ 4-8. Based on these allegations, Plaintiffs assert two causes of action against Defendant: (1) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code 1788 *et seq.*; and (2) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The Complaint is attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

Because this action arises under federal law (the TCPA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and this action may be removed to this Court. Further, this Court has supplemental jurisdiction over Plaintiff's state law claim (the RFDCPA), which forms part of the "same case or controversy" pursuant to 28 U.S.C.

§ 1367(a). Specifically, like Plaintiff's TCPA claim, Plaintiff's state law claim also alleges that Defendant contacted Plaintiff on his cellular telephone while attempting to collect a debt. Complaint, ¶¶ 11-12. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about August 28, 2017, Plaintiff filed this action in the California Court. Defendant was served with the Complaint on September 1, 2017. This Notice of Removal is timely in that it was filed within 30 days from the time Defendant had notice that the action was removable, and less than a year after the commencement of the action. *See* 28 U.S.C. § 1446(b).

The California Court is located within the United States District Court for the Central District of California. *See* 28 U.S.C. § 84(c)(3). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the California Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

\\\

WHEREFORE, Defendant respectfully removes this action from the Superior Court of California for the County of Orange to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED: September 27, 2017

                                        YU | MOHANDESI LLP

                                        By  */s/ Brett B. Goodman*
                                        Brett B. Goodman
                                        Attorneys for Defendant
                                        The CBE Group, Inc.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Yu | Mohandesi LLP, 633 West Fifth Street, Suite 2800, Los Angeles, CA 90071. On September 27, 2017, I served the following document(s) by the method indicated below:

**DEFENDANT THE CBE GROUP, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(C), AND 1446**

|   | |
|---|---|
|   | by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was ordered by the Court. |
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
|   | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
|   | by having the document(s) listed above hand-delivered to the person(s) at the address(es) set forth below. |
|   | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business to the address(es) set forth below. |
|   | by emailing the document(s) listed above to the person(s) at the address(es) set forth below. |

*Attorneys for Plaintiff*
Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of California and the United States that the above is true and correct. Executed on September 27, 2017, at Los Angeles, California.

*Diana Choe*

_____
Diana Choe